IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICHARD GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-166 |
| | ) | |
| LT. SIKES, Telfair State Prison; and | ) | |
| HAYS TACTICAL SQUAD ON DUTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP"), filed this case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.  SCREENING THE COMPLAINT**

   **A.  BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Lieutenant Sikes of TSP, and (2) Hays Tactical Squad on duty at TSP on October 26, 2020. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 26, 2020, Defendants Sikes and three Hays Tactical squad members were escorting Plaintiff from the TSP showers to his cell. (See id. at 5.) Plaintiff was still wet and his

hands were cuffed behind his back as Defendant Sikes held his arm to lead him down the stairs. (Id.) Plaintiff slipped on the second or third step and Defendants let go of Plaintiff as he fell down the stairs. (Id.) The fall resulted in a broken finger, three cracked ribs, and two herniated disks in his lower back. (Id.) Plaintiff asserts a failure to protect and intervene claim against all Defendants and requests $1.5 in damages for pain and suffering. (Id. at 5, 7.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Failure to Protect

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). To establish a claim for failure to protect through deliberate indifference, Plaintiff must allege facts sufficient to show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa Cnty., 50 F.3d 1579 (11th Cir. 1995).

To demonstrate a substantial risk of serious harm, Plaintiff must allege facts to show that conditions were "sufficiently serious to violate the Eighth Amendment, i.e., conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." Lane v. Philbin, 835 F.3d 1302 (11th Cir. 2016). Plaintiff alleges that walking downstairs while wet from a shower with his hands cuffed behind his back posed a substantial risk of serious harm.

3

As an initial matter, courts have consistently held "[s]lip and fall accidents do not give rise to federal causes of action." Wynn v. Ankoh, No. 1:04 CV 37, 2006 WL 2583370, at *2 (M.D. Ga. Sept. 6, 2006); see, e.g., Williams v. Peters, No. 220CV00680RDPHNJ, 2021 WL 6496553 *4 (N.D. Ala. Dec. 22, 2021) (finding Plaintiff could not "establish that his slip-and-fall accident reflects a substantial risk of serious harm or that [Defendants] were deliberately indifferent to that risk."), adopted by 2022 WL 130740 (N.D. Ala. Jan. 13, 2022); Harvey v. Plowman, No. 3:11CV437/MCR/CJK, 2012 WL 6135818 *3 (N.D. Fla. Nov. 7, 2012) ( "This Court, as well as federal courts from other circuits have consistently held that slippery prison floors do not violate the Eighth Amendment."), adopted by 2012 WL 6138339 (N.D. Fla. Dec. 11, 2012).  The Court need not determine, however, whether the heightened risk factors in Plaintiff's case—walking down the stairs while handcuffed and wet from a shower—are materially different from a traditional slip and fall to the point of creating a serious risk of harm.  Plaintiff fails to allege facts showing deliberate indifference by the officers escorting him.

Deliberate indifference requires "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Lane, 835 F.3d at 1308 (quoting Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).  Plaintiff does not allege Defendants knew of any particular risk of serious harm pertaining to Plaintiff when they escorted him from the showers to his cell in what appears to be a perfectly routine manner.  For example, Plaintiff does not allege any particular balance or mobility issues of which Defendants should have been aware.  Defendants only knew Plaintiff was wet, handcuffed, and walking down steps, and Defendant Sikes even attempted to maintain hold of Plaintiff through the process.  Plaintiff's allegations do not show that Defendants acted in a manner

4

beyond mere negligence.  See Goolsby v. Hill,  No. 517CV00256MTTCHW, 2017 WL 5895138 *3 (M.D. Ga. Nov. 29, 2017) (finding no deliberate indifference after guard, "[a]ttempting to hurry Plaintiff along, . . . pushed or shoved Plaintiff, and Plaintiff slipped on the water and fell to the ground . . . .").  Plaintiff quickly and accidentally tripped while being escorted to his cell, and Defendants' failure to catch him does not constitute a violation of Plaintiff's constitutional rights.

**II.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA